The Honorable Charlotte T. Schexnayder State Representative Box C Dumas, AR 71639
Dear Representative Schexnayder:
This is in response to your request for an opinion regarding the proper procedure for the removal of property that no longer exists from the county tax assessment records. You state in your opinion request that the property in question became tax delinquent in 1901. It is my understanding that the tax-delinquent property was certified to the State Land Commissioner prior to 1910. Recently, however, it was discovered that due to a shift in the Mississippi River, the property no longer exists.
Arkansas law now provides that prior to a transfer of tax-delinquent land to the Commissioner of State Lands, the county assessor shall verify the assessment to establish value on all parcels to be transferred. See A.C.A. § 26-37-103 (1987). The assessor must determine whether the tax-delinquent land exists, and, if the land is found to be nonexistent, he shall remove the delinquent entry from the assessment rolls. Id. This provision was not in place, however, at the time the land in question was transferred to the State, and I have found no other provisions regarding the removal of non-existent lands from the assessment rolls. Arkansas Code Annotated Section 26-37-313
(1987) does provide for the reassessment of land that has depreciated since its forfeiture to the State, and erosion is listed as a possible cause for depreciation in value. Section26-37-313 does not address, however, the removal of property that has eroded away entirely. Presumably, it would be possible to simply reassess the property at no value and leave it on the books.
In summary, Arkansas law provides no specific procedure to follow in removing non-existent property from the assessment rolls. However, § 26-37-103 clearly envisions that non-existent property will be removed from the books upon discovery. Accordingly, it is my opinion that the land may be removed from the books although the procedures for this removal are not specifically outlined. Because state law offers no guidance on the proper procedure to follow in removing the property, the Arkansas Assessment Coordination Division might be contacted for procedural advice.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch